FILED'10 SEP 26 11:24USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSE ABEL BARDALES,

    Petitioner,

vs.

NANCY HOWTON,

    Respondent.

Civil No. 07-6358-AA
OPINION AND ORDER

Nell Brown
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204
    Attorney for petitioner

John Kroger
Attorney General
Summer R. Gleason
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310-4096
    Attorneys for respondent

AIKEN, Chief Judge:

    Pursuant to 28 U.S.C. § 2254, petitioner filed a petition

for writ of habeas corpus on November 29, 2007. Petitioner's claims are denied and the petition is dismissed.

## BACKGROUND

On May 6, 2003, petitioner was convicted of one count of Sexual Abuse in the First Degree for touching the victim's breast. The trial court then imposed the statutory minimum, a 75-month sentence of imprisonment.

Petitioner directly appealed his conviction, but the Court of Appeals affirmed without opinion, State v. Bardales, 181 Or. App. 661, 49 P.3d 850 (2002). Petitioner then sought review in the Oregon Supreme Court. That review was denied. 335 Or. 42, 57 P.3d 581 (2002). See Resp's Exs. 103-109.

Petitioner now seeks a Writ of Habeas Corpus on two grounds. First, the imposition of a 75-month prison term was unconstitutionally disproportionate to the crime in violation of the Eighth Amendment. Second, the state court improperly admitted involuntary statements made by petitioner to law enforcement officers while subject to custodial interrogation and without being given Miranda warnings.

## DISCUSSION

A. <u>Standard of Review for Writ of Habeas Corpus</u>

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal courts must afford state court factual findings and legal rulings a defined measure of deference. See

2 - OPINION AND ORDER

28 U.S.C. §§ 2254(d), (e). A federal court may not grant a habeas petition regarding any claim "adjudicated on the merits" in state court, unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). The Supreme Court construed this statutory text as a "command that a federal court not issue the habeas writ unless the state court was wrong as a matter of law or unreasonable in its application of law in a given case." Williams v. Taylor, 529 U.S. 362, 381 (2000).

In sum, federal courts are prevented from granting habeas relief to a state petitioner where the relevant decision is not "contrary to" or "an unreasonable application of" Supreme Court precedent. Crater v. Galaza, 491 F.3d 1119, 1126 (9th Cir. 2007). Further, a "merely erroneous" state decision does not warrant relief unless it is also "'an *unreasonable application*' of clearly established federal law." Early v. Packer, 537 U.S. 3, 11 (2002)(emphasis in original).

B. Violation of Eighth Amendment

Petitioner argues that the imposition of a 75-month sentence as punishment for an "over-the-clothes" touching of a ten-year-old's breast "shocks the moral sense and is grossly

3 - OPINION AND ORDER

disproportionate to both [petitioner's] conduct and the harm to [the child victim] in this case." Pet's Brief, p. 19. Petitioner relies on an Oregon Supreme Court case where that Court affirmed the decisions of two separate trial courts to deviate from a Measure 11 mandatory 75-month term for a crime comparable to the crime at issue here, finding it would be unconstitutionally disproportionate to impose that mandatory term. State v. Rodriguez, 347 Or. 46, 217 P.3d 659 (2009).

Here we have an Oregon state trial court imposing a Measure 11 sentence. The state trial court imposed the Measure 11 sentence in accordance with the decision of the state appellate courts, including State ex rel Huddleston v. Sawyer, 324 Or. 597, 932 P.2d 1145, cert. denied, 522 U.S. 994 (1997), rejecting petitioner's argument that Measure 11 results in "cruel and unusual punishment." There is no dispute that petitioner properly appealed his sentence. The Oregon Court of Appeals affirmed the trial court's decision, and the Oregon Supreme Court denied review. Resp Exs. 106, 107. The Ninth Circuit applied clearly established federal law and determined that Measure 11 is not cruel and unusual punishment. Alvorada v. Hill, 252 F.3d 1066 (9th Cir. 2001). Based on Ninth Circuit law as well as Oregon state law, this court has no grounds to overrule the Oregon state courts on this matter. Petitioner's habeas petition on this ground is denied.

4 - OPINION AND ORDER

C. <u>Statements in Violation of Miranda/Failure to Exhaust Claim</u>

Petitioner alleges that the state court improperly admitted involuntary statements that he made to law enforcement while subject to custodial interrogation and without being given Miranda warnings. Respondent argues that the Miranda claim is defaulted because it was presented to the Oregon Supreme Court as a state law issue.

There is no dispute that the suppression issue was preserved in the trial court, and then raised on appeal as a federal constitutional challenge to the admission of his custodial, involuntary statements under the Fifth and Fourteenth Amendments to the U. S. Constitution. Respondent contends, however, that petitioner's claim is procedurally defaulted because when the claim was presented to the Oregon Supreme Court it was presented on state constitutional grounds only. Petitioner concedes that he failed to make any reference to the federal Constitution in his petition seeking review by the Oregon Supreme Court. Resp. Ex. 105. In his petition for review before the Oregon Supreme Court, petitioner presented two issues - the trial court's denial of his motion to suppress on state constitutional grounds alone; and whether his Measure 11 sentence was constitutional. The Oregon Supreme Court denied review and petitioner did not file a Petition for Post-Conviction Relief.

5 - OPINION AND ORDER

Respondent argues that petitioner's claim was not fairly presented to the state courts as required by the exhaustion doctrine, and cannot now be fairly presented. Therefore, respondent argues, petitioner's claims are procedurally defaulted.

Habeas petitioners are required to exhaust state remedies on all claims alleged in their § 2254 petition unless it appears there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1). In order to properly exhaust state remedies, "the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To "fairly present" a federal claim in state court, habeas petitions must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996). See also Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (habeas petitioner must have "alert[ed] the state courts to the fact that he was asserting a claim under the United States Constitution"). The United States Supreme Court states:

> ordinarily a state prisoner does not 'fairly present' a claim to a state['s] [appellate] court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence

6 - OPINION AND ORDER

of a federal claim in order to find material, such
as a lower court opinion in the case, that does so.

Baldwin v. Reese, 541 U.S. 27, 32 (2004).

Hiivala also stated that, "the mere similarity between a claim of state and federal error is insufficient to establish exhaustion." Hiivala, 195 F.3d at 1106. The exhaustion requirement is not "satisfied by the mere circumstance that the 'due process ramifications' of an argument might be 'self-evident.'" Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999). See also Anderson v. Harless, 459 U.S. 4, 7 (1982).

In Farmer v. Baldwin, however, the Oregon Supreme Court held that a petition for review need only contain a "brief" legal argument on the questions presented "[i]f desired and space permitting." 346 Or. 67, 73, 205 P.3d 871 (2009). Farmer specifically held: "it follows that [the Oregon Supreme] Court may consider briefs filed in the Court of Appeals to identify and evaluate a party's legal arguments on a question presented for review." Id. Farmer explicitly rejected the State's contention that the Oregon Supreme Court "will not scour the petitioner's Court of Appeals briefs as part of its consideration of the petition for review." Id. at 72-74. In fact, the Court stated the opposite was true:

> [w]hen this court considers a petition for review of
> a decision of the Court of Appeals, briefs filed in the
> Court of Appeals are available to this court and
> will be reviewed at that stage if the court or any
> justice desire to do so. Nothing requires the court

7 - OPINION AND ORDER

or any justice to consider only the petition for review in deciding whether to grant review.

Id. at 72.

The Court further explained that the appellate rules permit review of the appellate briefs. Id. at 72-73. So, where, as here, when no response to the petition for review is filed, "the party's brief in the Court of Appeals will be considered as the response." Id. Therefore, the Oregon Supreme Court necessarily considered respondent's appellate brief which addressed the federal constitutional issue. See Resp. Ex. 104. Further, Farmer confirmed the Ninth Circuit's previous holdings that the Oregon Supreme Court will look to the briefs filed in the Court of Appeals in determining whether to grant review. Farmer, 346 Or. at 73, n.5. So "for exhaustion purposes, a citation to a state case analyzing a federal constitutional issue serves the same purpose as a citation to a federal case analyzing such an issue." Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003). The petition for review discussed Oregon cases that addressed the federal constitutional issue and analyzed Miranda, 384 U.S. 436; as well as Oregon v. Mathiason, 429 U.S. 492 (1977). The discussion of the federal issue in these cases was sufficient to alert the Oregon Supreme Court to the federal constitutional issue in this case, particularly given the extensive briefing of the federal issue in the Court of Appeals.

8 - OPINION AND ORDER

I find that petitioner "fairly presented" his claim to the Oregon Supreme Court during his direct appeal proceedings. Therefore, he adequately exhausted his state remedies as required by 28 U.S.C. § 2254.

Next, in considering the merits of petitioner's claim, I find that the writ must be denied. As stated above, "it is not the province of a federal habeas court to reexamine state-court determination on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle, 502 at 67-68. In sum, even incorrect state court decisions must be given deference, unless they are "contrary to" or "objectively unreasonable" applications of a Supreme Court holding. Lockyer v. Andrade, 538 U.S. 63, 70-75 (2003). This is true even if the state courts do not fully articulate their reasoning. Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).

Here, after considering petitioner's Miranda claim on the merits, the trial court made extensive findings. Significant among those findings is as follows:

> Usery [police officer] told defendant that he was not under arrest and was free to leave; defendant was not under the influence of intoxicants and had no mental health issues; there was no language barrier (which defendant had demonstrated during his testimony at the hearing); no promises or threats were made to defendant; the family plan that Samantha Cohen discussed with defendant was not contingent on

9 - OPINION AND ORDER

whether or not defendant cooperated; defendant agreed to go with Usery to the police department, and they traveled in a regular sedan, not a caged patrol car; he was told again at the department that he was not under arrest and was free to leave; at the end of the interview, defendant was allowed to leave; and, even if defendant said something about a lawyer, the comments were equivocal and did not required the conversations to end.

The trial court's decision to admit petitioner's statements to law enforcement is entitled to deference, because it is a reasonable application of Miranda. Moreover, petitioner's testimony demonstrated that there was no language barrier in his discussions with Usery; petitioner agreed that it was "his choice" to go to the police department with Usery to discuss the matter; and petitioner admitted that Usery told him, more than once, that he was not under arrest, and that he was free to leave during the interview. Tr. 10/01/02, p. 42-43, 47. Petitioner testified that he believed he would be able to return home soon if he cooperated. Id., p. 43. He agreed that neither Cohen nor Usery told him that his children would be taken from him if he did not go with Usery to the police department to talk with him. He cooperated with Usery because he wanted to resolve the matter quickly so that he could be reunited with is children. Id., p. 55-56. Further, petitioner admitted that he had previously been arrested and advised of his Miranda rights and was aware that he had the right to an attorney. Id., p. 50-51. Cohen testified that, while she was with petitioner and Usery, petitioner never

10 - OPINION AND ORDER

requested an attorney, and she heard Usery tell petitioner that he was not under arrest. Id., p. 71-71, 78-79. On rebuttal, Usery denied that he ever told defendant that cooperating with the investigation would allow defendant to get home and be with family sooner. Id., p. 90.

The trial court made extensive findings and rejected petitioner's argument, concluding that the statements petitioner made at his apartment and during Usery's interview at the police department were admissible. Id., p. 94-97. Based on the trial court's findings and a review of the record, "a reasonable man in the suspect's position would have understood" that he was not in custody and was free to leave at his will. Berkemer v. McCarty, 468 U.S. 420, 442 (1984). Miranda warnings were not required here because petitioner was neither in full custody nor in a similarly compelling situation when he made his statements. Petitioner knew he was not under arrest, knew he was free to leave, and, in fact, left the police department at the conclusion of the interview. Moreover, I find no evidence that Usery threatened or promised petitioner anything.

The Oregon state courts at every level of petitioner's appeal process have reviewed and considered the denial of petitioner's Miranda claim on a state and federal level. Each court affirmed the trial court's conclusion that circumstances of this case did not rise to the level of state or federal due

11 - OPINION AND ORDER

process violations. I agree with the state courts' conclusions, and find their decision was not contrary to, or an unreasonable application of federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d).

## CONCLUSION

Petitioner's federal habeas petition is denied and this case is dismissed.

IT IS SO ORDERED.

Dated this 24 day of September 2010.

_____
Ann Aiken
United States District Judge

12 - OPINION AND ORDER